**STATE, ex SMITH et, Relators, v. BOARD OF EDUCATION OF SHELBY COUNTY SCHOOL DISTRICT, Respondent.**

Ohio Appeals, Second District, Shelby County.

No. 131.   Decided March 20, 1945.

200

H. K. Forsyth, Sidney, for respondent and for the motion. Taylor Cummins, Sidney, R. E. Boller, Jr., Sidney, for relators and contra the motion.

### OPINION

BY THE COURT:

Submitted on motion of respondent for an order dismissing the petition for the reason that the court does not have jurisdiction of the subject matter of this action.

The action is in mandamus praying for an order directing the respondent to transfer certain territory comprising the East Salem Rural School District to the Sidney City School District, in accordance with the provisions of §4696 GC. The petition asserts factually, that on the 10th day of April, 1943, the plaintiffs filed with the respondent a petition containing the names of no less than 233 valid signatures of electors residing in the territory sought to be transferred, being more than 75% of the resident electors of said district, requesting said Board to transfer all of the territory comprising the East Salem Rural School District from the Shelby County School District to the Sidney City School District. The procedure which it is asserted the relators conformed with is that prescribed by §4696 GC which was effective from July 21, 1928, until September 16th, 1943, when it was repealed and thereafter, as of said later date, new sections of the Code became effective, §§4831 and 4832 GC. By the repeal of §4696 GC there was taken from the respondent Board the power, upon the petition of relators to transfer the territory described in the petition and, by the same token, there was removed from this court the power and authority to order said Board to make the transfer under the repealed section.

We do not consider the question of the vested rights of relators under the repealed sections, as counsel for respondents have not urged it defensively against the motion.

The averment in the action in the Franklin County Common Pleas Court, wherein the relators are the same as here, is not pleaded as an estoppel. However, it is safe to say that it

is relators' interpretation of the effect of the repeal of §4696 GC as appears by the conclusion reached in the averment, namely, "that the questions of law presented in 'this' case, No. 131, have become moot by reason of the repeal of the statutes heretofore mentioned."

Motion sustained.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.